UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WELLS FARGO BANK, N.A. *as Trustee for the Pooling and Servicing Agreement Dates as of August 1, 2005 Park Place Securities, Inc. Asset-Backed Pass-Through Certificates Series 2005-WHQ4*,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY *et al.*,<br><br>Defendant. | Case No. 2:19-cv-01874-RFB-BNW<br><br>**ORDER** |

## I.  INTRODUCTION

Before the court are three motions: Defendant Fidelity National Title Insurance Company's Motion to Extend Stay, ECF No. 18, and Plaintiff Wells Fargo Bank, N.A.'s Counter Motion to Lift Stay of Case, ECF No. 21, and Counter Motion to Amend/Correct, ECF No. 22.

For the following reasons, the Court grants the motion to stay and denies the counter motions.

## II.  PROCEDURAL BACKGROUND

On October 23, 2019, Plaintiff filed its Complaint. ECF No. 1. Defendant Fidelity National Title Insurance Company moved to dismiss the Complaint on February 4, 2020. ECF No. 8. Three days later, the parties stipulated to stay proceedings, pending resolution of the appeal in <u>Wells Fargo Bank, N.A. v. Fid. National Title Ins. Co.</u> ("<u>Wells Fargo II</u>"), No. 19-17332 (D. Nev. No. 19-CV-00241). ECF No. 10. The Court stayed the action on February 10, 2020, ECF No. 11, and on October 14, 2020, the Court denied Defendant's Motion to Dismiss without prejudice because

1  the action was stayed, ECF No. 14. The Court also directed the parties to "file a joint motion lifting
2  the stay within 14 days of the issuance" of Wells Fargo II. ECF No. 14.
3      On November 5, 2021, the Ninth Circuit issued an order vacating and remanding Wells
4  Fargo II for further proceedings. See No. 19-17332, 2021 WL 5150044 (9th Cir. Nov. 5, 2021).
5  The Parties then, on November 19, 2021, informed the Court about the Ninth Circuit's decision in
6  a joint status report. ECF Nos. 15, 16. They also stipulated their intent to file a joint motion to lift
7  the stay within 14 days after the mandate in the appeal was issued. ECF Nos. 15, 16. The Court
8  granted the request on November 22, 2021. ECF No. 17.
9      On November 29, 2021, Defendant filed a new Motion to Stay based on another case's
10 pending appeal, PennyMac Corp. v. Westcor Land Title Ins. Co., Nev. Sup. Ct. No. 83737 (Eighth
11 Jud. Dist. No. A-18-781257-C), before the Nevada Supreme Court. ECF No. 18. Plaintiff filed its
12 response on December 13, 2021, ECF No. 20, and Defendant filed its reply on December 17, 2021.
13 ECF No. 23. That same day, Plaintiff filed Counter Motions to Lift Stay of the Case and
14 Amend/Correct its Complaint. ECF Nos. 21, 22. Defendant responded to both counter motions on
15 December 17, 2021, ECF Nos. 24, 25, and Plaintiff replied on December 23, 2022. ECF Nos. 26,
16 27.
17     The following order addresses Defendant's Motion to Extend Stay, ECF No. 18, and
18 Plaintiff's Counter Motion to Lift Stay of Case, ECF No. 21, and Counter Motion to
19 Amend/Correct, ECF No. 22.
20
21     **III.   FACTUAL ALLEGATIONS**
22     Plaintiff is a beneficiary under a deed of trust for property insured under a 1992 ALTA
23 Loan Policy of Title Insurance ("Policy") issued by Defendant Lawyers Title Insurance
24 Corporation. The Policy was written and implemented by Defendant Lawyers Title Insurance
25 Corporation's subsidiary, Defendant Fidelity National Title Insurance Company. The Complaint
26 alleges that Plaintiff suffered a loss under the Policy because of an HOA lien foreclosure sale on
27 the property. Accordingly, it submitted a title insurance claim to Defendant Lawyers Title
28 Insurance Corporation, as its insurer, seeking indemnity and tendering defense in the underlying

quiet title litigation related to the property. Defendant Fidelity National Title Insurance Company denied Plaintiff's insurance claim, determining that the claim fell outside the Policy's insuring provisions and that the HOA lien was created after the date the Policy was issued. Plaintiff disagreed, asserting that both the Policy's California Land Title Association ("CLTA") Endorsement Forms and Nevada statute required Defendant Fidelity National Title Insurance Company to provide coverage. Plaintiff's action seeks damages, as well as attorney's fees and costs, for Defendants' denial of coverage.

### IV.   LEGAL STANDARD

This Court has broad discretion regarding whether to issue a stay in a case. Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936). A party "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005). Accordingly, this Court must consider (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Id. at 1111.

### V.   DISCUSSION

Defendant argues that the Court should extend the stay because the Nevada Supreme Court in PennyMac will likely provide binding appellate authority that will apply to this action. Plaintiff disagrees, contending that there are material differences between the insurance coverage issues in both cases. In addition, it contends that extending the stay would violate the Court's prior order requiring that the parties file a joint motion to lift the stay pending the Wells Fargo II decision. It also contends that extending the stay will cause undue delay, as it has already been prevented from conducting discovery for over two years because of that stay. It asserts that the "orderly course of justice" would be served allowing it to proceed with discovery. Lastly, Plaintiff contends that

Defendant has not articulated any hardship that would result if it went forward with litigation absent granting its request to extend the stay.

Here, the Court finds that extending the stay currently in place in this action is appropriate, pending a resolution in the PennyMac appeal before the Nevada Supreme Court. The Court has reviewed the parties' moving papers and Plaintiff's Complaint. The Court finds that insurance coverage issues on appeal in the PennyMac appeal overlap with those in this case. A decision in the PennyMac appeal, for instance, would likely provide pertinent interpretation of the relevant Policy language and CLTA endorsement forms at issue in this action. This is important given that this case is before the Court under diversity jurisdiction, meaning Nevada law governs the Court's interpretation of the insurance claims at issue in this action. See Erie R. Co. v. Tompkins, 304 U.S. 64 (1938). Accordingly, it would be inefficient for the Court to engage in substantive review of the merits of this case or to set a discovery schedule while the appeal is pending in that case. Clearly, extending the stay would benefit the "orderly course of justice" as PennyMac would have a significant impact on substantive rulings in this case and discovery. As such, the Court disagrees with Plaintiff that extending the stay would cause it undue delay.

The Court therefore grants Defendant's Motion to Extend Stay.

### VI.    CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Fidelity National Title Insurance Company's Motion to Extend Stay (ECF No. 18) is granted. Once the Nevada Supreme Court issues its ruling in PennyMac Corp. v. Westcor Land Title Ins. Co., Nevada Supreme Court No. 83737 (Eighth Judicial District Case No. A-18-781257), any party may move to lift the stay.

**IT IS FURTHER ORDERED** that Plaintiff Wells Fargo Bank, N.A.'s Counter Motion to Lift Stay of Case (ECF No. 21) is denied.

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that all pending motions are denied without prejudice to their refiling within 20 days after the stay is lifted.

DATED: September 17, 2022.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**